IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| **HERBERT E. MUMPOWER,**<br><br>                          **Petitioner,**<br><br>**vs.**<br><br>**UNITED STATES OF AMERICA,**<br><br>                          **Respondent.** | **MEMORANDUM DECISION AND ORDER**<br><br>Case No.  2:09CV240 DAK |

This matter is before the court on pro se Petitioner Herbert E. Mumpower's ("Petitioner") pro se Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 and on several motions related to that petition.   On December 15, 2006, Petitioner pled guilty to Coercion or Enticement for Illegal Sexual Activity, a violation of 18 U.S.C. § 2422(b).   On April 11, 2007, he was sentenced to 60 months in prison and to 120 months of supervised release.

Petitioner's § 2255 motion is denied for several reasons.  First, it is time-barred.   A one-year statute of limitation applies to motions brought under § 2255. "The limitation period shall run from the later of (1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially

1

recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2255.

In this case, the Judgment in Petitioner's underlying criminal case was entered on April 13, 2007. He then had thirty days to file an appeal under his limited right to do so. Therefore, the Judgment became final thirty days after the Judgment was entered, which would have been on May 13, 2007, and the one-year statute of limitations began to run. Accordingly, the statute of limitations expired one year later, on May 13, 2008. Petitioner's § 2255 motion was filed on March 16, 2009, well after the limitations period had run. The motion is therefore time-barred.

Moreover, as part of his Plea Agreement, Petitioner waived his right to collaterally attack his sentence. Petitioner acknowledged that he knowingly, voluntarily, and expressly waived his "right to challenge my sentence, and the manner in which the sentence is determined, in any collateral review motion . . . including but not limited to a motion brought under 28 U.S.C. § 2255." Therefore, as part of his Plea Agreement, he waived his right to file the instant § 2255 motion.

Finally, even if the court were to evaluate the substantive arguments made by Petitioner, the court would find no merit to Petitioner's ineffective assistance of counsel claim. To establish a claim for ineffective assistance of counsel, a petitioner must show: "(1) his counsel's performance was constitutionally deficient, and (2) his counsel's deficient performance was prejudicial." *United States v. Cook*, 45 F.3d 388, 392 (10th Cir. 1995); *United States v. Glover*, 97 F.3d 1345, 1349 (10th Cir. 1996) (applying standard to sentencing proceedings and plea

hearings).  Petitioner has not satisfied either of these prongs.  Petitioner has not demonstrated–and there is no basis in the record for concluding–that his counsel's representation was constitutionally deficient or prejudicial.

Accordingly, for these reasons, Petitioner's § 2255 motion is denied.  Petitioner has also filed a "Motion for Immediate Release from BOP Custody," which is denied, as is his Motion for Appointment of Counsel.  Petitioner is not automatically entitled to counsel to pursue his § 2255 motion.  *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987).  Only when an evidentiary hearing is required is a petitioner entitled to counsel.  *Swazo v. Wyoming Dep't of Corrections State Penitentiary Warden*, 23 F.3d 322, 333 (10th Cir. 1994).  The court finds that no evidentiary hearing is required to resolve the instant motion, and thus counsel will not be appointed.  Petitioner's Motion to Establish Briefing Schedule and his Motion for Hearing on the above motions are denied as moot in light of the other rulings regarding his § 2255 motion.

## CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that Petitioner's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 is DENIED.  Petitioner's remaining motions are all denied, and this case is now closed.

DATED this 29th day of October, 2009.

BY THE COURT:

_____
DALE A. KIMBALL
United States District Judge